United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Wanda E. Torrence,<br><br>                           Debtor. | Bankruptcy No. 14-bk-34470 |
| Wanda E. Torrence,<br><br>                           Plaintiff<br><br>v.<br><br>Comcast Corporation,<br><br>                         Defendant. | Chapter 11<br><br>Adversary No. 15-ap-291 |

## MEMORANDUM OPINION ON COMCAST'S MOTION TO DISMISS

Wanda E. Torrence ("Torrence") filed for bankruptcy under chapter 7 in 2014. She was granted her discharge this year. After her discharge was granted, and the case closed, Torrence reopened the case and filed an adversary proceeding against Comcast Corporation ("Comcast"), and won an award of damages against Comcast for violation of the automatic stay. The rest of her complaint was dismissed for lack of proper service on Comcast, and this adversary proceeding followed. Comcast filed a motion to dismiss under Rule 12(b)(6), F.R. Civ. P., as made applicable by F.R. Bankr. P. 7012.

Count II of Torrence's complaint, for violation of the discharge injunction, will be dismissed for failure to state a claim. All the other Counts will be dismissed for lack of subject matter jurisdiction.

### BACKGROUND

On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are taken as true and all reasonable inferences are drawn in favor of the non-moving party. *Geinosky v. City of Chicago*, 675 F.3d 743, 746 (7th Cir. 2012). Documents attached to a complaint are considered part of the complaint. F.R.C.P. 10(c) [Rule 7010 Fed. R. Bankr. P.]; *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (citations omitted).

The facts regarding the complained of conduct are considered as they are alleged in the Complaint, and are assumed to be true. Since deciding this motion involves the procedural history of the bankruptcy case and a related adversary proceeding in this court, judicial notice of that history may be taken. F.R. Evid. 201(c); F.R. Bankr. P. 9017; *see In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006).

Torrence is a resident of Chicago, Illinois. She suffers from various medical ailments, and lives on income from Social Security disability insurance. Comcast is a corporation that delivers cable, phone, and internet service. Torrence was a customer of Comcast for cable, phone, and internet. After Torrence filed for bankruptcy on September 23, 2014, Comcast continued to bill her. After a trial in the prior adversary proceeding, 14-ap-76, some of the charges were found to be for pre-petition services (which violated the automatic stay), and some for post-petition services (which was perfectly legal). Judgment was entered against Comcast for $36.28 in compensatory damages, and $181.40 in punitive damages. (15-ap-91, Dkt. 32.) Comcast then issued Torrence a credit on her bill for those amounts, and brought proof of the credit to court. Comcast was then issued a satisfaction of judgment.

## DISCUSSION

### JURISDICTION

A federal court "always has jurisdiction to determine its own jurisdiction." *U.S. v. Ruiz*, 536 U.S. 622, 628 (2002). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) F.R. Civ. P., as incorporated by F.R. Bankr. P. 7012.

"Only Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004) (citing U.S. Const., Art. III, § 1.) The Judicial Code provides, subject to exceptions not relevant here, "the district court shall have original and exclusive jurisdiction of all cases under title 11," and "the

district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a) & (b). That jurisdiction may be delegated to bankruptcy court under 28 U.S.C. §§ 157(b)(2), and has been by District Court Internal Operating Procedure 15(a).

The term, "all cases under title 11," refers to the main bankruptcy case, not adversary proceedings. *In re Halas*, 226 B.R. 618, 621 (Bankr. N.D. Ill. 1998). Civil proceedings "arising under" title 11 are proceedings created or determined by a provision of the Bankruptcy Code itself. *In re Repository Technologies, Inc.*, 601 F.3d 710, 719 (7th Cir. 2010). "Claims 'arising in' bankruptcy include 'such things as administrative matters, orders to turn over property of the estate and determinations of the validity, extent, or priority of liens' ... A proceeding 'arises in' bankruptcy only if it has no existence outside of the bankruptcy." *Id.* (quoting Collier on Bankruptcy ¶ 3.01[4][c][iv] 15th ed. rev. 2008). A proceeding is only "related to" the bankruptcy "if it affects the amount of property available for distribution or the allocation of property among to creditors." *Matter of Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987).

Here, Count I alleges violation of the Fair Debt Collection Practices Act, (15 U.S.C. § 1692 et. seq.) Count III for violation of the Fair Credit Billing Act (15 U.S.C. § 1666 et. seq.), Count IV for intentional infliction of emotional distress, Count V for breach of contract, Count VI for fraud, and Count VII for violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et. seq.). The federal causes of action arise under Title 15, not Title 11 of the U.S. Code, therefore they do not "arise under." Intentional infliction of emotional distress, breach of contract, and common law fraud arise under state law. None of the causes of action are administrative matters, and could exist outside the bankruptcy system, so they do not "arise in." Nor are they "related to" the bankruptcy case. Torrence has received her discharge, and the Chapter 7 trustee has filed a no-asset report. (Bankruptcy Case Dkt. 15.) Further, all of the complained of conduct occurred after the bankruptcy petition, and so any recovery would not become part of the

bankruptcy estate. 11 U.S.C. § 541(a)(1). Therefore there is no "related to" jurisdiction either.

Torrence argues that *Wellness Int'l Network Ltd. v. Sharif* gives bankruptcy courts broad powers with the consent of the parties. 135 S.Ct. 1932 (2015). But "no action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Accordingly, Counts I, III, IV, V, and VI will be dismissed, though without prejudice to proceedings in any court of competent jurisdiction.

There is jurisdiction for Count II because the discharge injunction arises under the Bankruptcy Code at § 524(a)(2). *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 916 (7th Cir. 2001) ("Cox could ask the bankruptcy court to hold Zale in contempt of the discharge order, which the statute makes an injunction."). The district court may refer proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O). It seeks to determine whether a creditor is entitled to a priority claim. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

### SUFFICIENCY OF THE PLEADINGS

A motion to dismiss under Rule 12(b)(6) [F.R.C.P., Rule 7012 F.R. Bankr. P.] tests the sufficiency of the complaint rather than the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). "The consideration of a 12(b)(6) motion is restricted solely to the pleading, which consist generally of the complaint, any exhibits attached thereto, and supporting briefs." *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); Rule 10(c) [F.R.C.P.; Rule 7010 F.R. Bankr. P.]. All well-pleaded allegations of the complaint are assumed true and read in the light most

favorable to the plaintiff. *United Indep. Flight Officers, Inc. v. United Air Lines, Inc.*, 756 F.2d 1262, 1264 (7th Cir. 1985). If the complaint contains allegations from which a trier of fact may reasonably infer evidence as to necessary elements of proof available for trial, dismissal is improper. *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 421 (7th Cir. 1994).

Here, Torrence has pleaded the same harm as she did in her first adversary proceeding directed at Comcast's violation of the automatic stay. In that adversary proceeding, she claimed that Comcast violated the automatic stay because it was billing her for pre-petition debt. (15ap76.) She also advanced a theory that by filing an Amended Schedule F (14bk34470 Dkt. 13), listing Comcast/XFinity for the dates 8-2014-11-2014 for $325.83, that post-petition amount was covered by the automatic stay as well, and that Comcast was not entitled to bill her for it.

But the automatic stay only applies to "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). Nothing in the Bankruptcy Code provides a mechanism for to retroactively stay actions to collect claims for post-petition services.

Trial was held on the automatic stay issue. The evidence showed that the 9/25/14 bill included a credit for $382.32 on account of the September 23 bankruptcy. (15bk76 Dkt. 20.) After calculating the proper amount due for pre-petition bills, it was concluded that the credit was $36.28 short, and therefore each subsequent bill was a willful violation of the automatic stay. $36.28 was assessed as compensatory damages, and punitive damages were assessed at $181.40. (15ap76 Dkt. 32.) Comcast was ordered to pay Torrence or credit her account $217.68. (*Id.* at 2.) Comcast complied, and was granted a satisfaction of judgment.

Now, Torrence complains that Comcast violated the discharge injunction by attempting to collect for charges incurred between August 2014 through November 2014. She is mistaken that those debts were discharged. A Chapter 7 discharge

"discharges the debtor from all debts that arose before the date of the order for relief under this chapter ... [with some exceptions for *nunc pro tunc* provisions contained in § 502]" 11 U.S.C. § 727(b). The only thing that could plausibly be a violation of the discharge injunction were the bills for the extra $36.28 after her bankruptcy petition, but that injury has already been addressed in the prior adversary proceeding for violation of the automatic stay.

Further, there is no private right of action for damages for violation of the discharge injunction. *In re Holcomb*, 234 B.R. 79, 83 (Bankr. N.D. Ill. 1999). Instead, the proper remedy for a violation of the discharge injunction is contempt. *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001). Instead Count II of the adversary proceeding will therefore be treated as a request to hold Comcast in contempt for violating the discharge injunction.

Currently, Comcast is not in violation of the discharge injunction. While Comcast was found in violation of the automatic stay for attempting to collect $36.28 for pre-petition charges, it has satisfied that judgment. Therefore, today it is not attempting to collect for pre-petition debt, nor is it attempting to collect any debt that has been discharged. Nor has Torrence alleged any other conduct that could be construed to violate the discharge injunction.

Dismissal as to Count II will be with without prejudice to allow Torrence a chance to amend her pleading to state a cause of action. Ordinarily, "a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, No. 14-1729, 2015 WL 2151851, at *4 (7th Cir. May 8, 2015). "The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears." *Id.* (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).

## CONCLUSION

For the foregoing reasons, Comcast's motion will be granted as provided hereinabove by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 16 day of June, 2015